OPINION
This is an appeal from a judgment of the Probate Division of the Court of Common Pleas of Clark County denying relief to the plaintiff, Todd Miller, in a will contest action. The plaintiff is the son of Dale Miller, who died in Clark County on December 25, 1996 leaving a paper writing dated December 3, 1996, which was admitted to probate on January 24, 1997 as the Last Will and Testament of Dale Miller.
In the present appeal, the appellant has set forth two assignments of error, the first of which has been stated as follows:
 THE TRIAL COURT ERRED BY FINDING THAT THE WORDS `NOT UNDER RESTRAINT', PURSUANT TO R.C. 2107.02, ARE NOT NECESSARY IN A WRITTEN WILL.
Noticeably, the assigned error, in the form presented, is not accompanied by any case or text authority, and R.C. 2107.02, by its own terms, merely provides for who may make a will, i.e., a person of the age of eighteen years or over, of sound mind and memory, and not under restraint. However, these statutory directions are presumed in the absence of anything to the contrary, and such conditions are not necessarily an integral part of a valid written will. The presumption that a testator was qualified to make a will, of course, may be overcome by evidence, but the required form and content, as well as the method of making a valid will, are set forth in R.C. 2107.03 as follows:
 Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature.
In the present case, the will of Dale Miller met all of the requirements of R.C. 2107.03, and this appeal necessarily turns entirely, therefore, upon the second assignment of error, which has been presented by the appellant as follows:
 THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THERE WAS A SHOWING THAT THE DECEDENT WAS UNDULY INFLUENCED AND DID NOT HAVE THE REQUISITE TESTAMENTARY CAPACITY.
In its comprehensive written decision, the trial court dwelled at considerable length upon the factual posture of this case, and with regard to the record presented herein, the state of the evidence is undoubtedly such as to preclude any interference from a reviewing court. As succinctly observed by the Supreme Court of Ohio in the oft-cited case of C.E. Morris v. Const. Co.
(1978), 54 Ohio St.2d 279, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." See also, SeasonsCoal Co. v. Cleveland (1980), 10 Ohio St.3d 77, 80.
Here, the findings of the trial court as to the issues of testamentary capacity and undue influence are reasonably supported by competent evidence, and the record does not otherwise provide any sound basis for any departure from the analysis and conclusion of the Probate Court. Accordingly, the second assignment of error must be overruled.
Finding no merit in either of the alleged errors, the judgment will be affirmed.
BROGAN, J., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Valerie R. Wilt
Eric M. Sommer
Geoffrey L. Oglesby
Hon. David D. Mattes